U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
MAR -10 2015
CLERK, U.S. DISTRICT COURT
By_____
     Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| NOE DELAROSA, | § | |
| | § | |
| Movant, | § | |
| | § | |
| VS. | § | NO. 4:14-CV-1001-A |
| | § | (NO. 4:12-CR-152) |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

MEMORANDUM OPINION
and
ORDER

Came on to be considered the motion of movant, Noe Delarosa, under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. The government filed a response, and movant filed a reply. Having now considered all of the parties' filings, the entire record of this case, including the record in movant's criminal case, and the applicable legal authorities, the court concludes that the motion should be denied.

I.

Pertinent Background Information

In June 2012, movant and his codefendants, Juan Arriaga ("Arriaga") and Jesus Garcia ("Garcia"), were arrested after they purchased twenty fully automatic rifles from an undercover agent with the Bureau of Alcohol, Tobacco, and Firearms ("ATF") who was

posing as a firearms dealer. Garcia had initially contacted the ATF agent, saying that one of his buyers wanted to purchase twenty firearms, and another wanted fifteen rifles similar to an AK-47. On June 5, 2012, movant, Garcia, and Arriaga met with the ATF agent and an undercover Drug Enforcement Agency agent to consider the weapons purchase. The agents provided a list of firearms at movant's request, which the defendants kept after the meeting. During the meeting Arriaga called an unknown person to discuss the list. Movant told the agents that they were negotiating firearms orders for different buyers. Arriaga showed the agents $10,000 in cash he intended to use for the weapons purchase, and said he was going to pay Garcia and movant for introducing him to the agent.

On June 6, 2012, Garcia called the ATF and said they had approval to purchase twenty fully automatic machine guns. Garcia agreed to a price of $600 per gun. On June 19, 2012, the agents met with movant, Arriaga, and Garcia in Fort Worth. Movant and Arriaga showed the agents $12,000 in cash they had to purchase the machine guns. After traveling to the site where the weapons were stored, movant gave the agents the $12,000 cash and the agents gave the men the guns. Movant put some of the machine

guns in cases and put the cases in the trunk of his car. As Arriaga picked up a second case, all three were arrested.

On August 31, 2012, movant pleaded guilty without a plea agreement to one count of unlawful possession of a machine gun in violation of 18 U.S.C. §§ 922(o) and 2. On December 14, 2012, the court sentenced movant to a term of imprisonment of 112 months. Movant's attorney, Don L. Davidson ("Davidson"), filed an appeal, and the Fifth Circuit affirmed. United States v. Delarosa, 539 F. App'x 625 (5th Cir. 2013).

II.

Grounds of the Motion

Movant raised two grounds for relief, both alleging ineffective assistance by Davidson. First, movant alleged Davidson gave faulty advice during plea negotiations, which extended to movant's interview with the probation officer. Specifically, movant contends that Davidson advised him not to answer questions concerning relevant conduct during movant's interview with the probation officer who was preparing the presentence report. Because movant refused to answer those questions, the court denied movant a three-level reduction for acceptance of responsibility.

As the second ground for relief, movant alleged that the probation officer recommended a four-level enhancement because movant knew or had reason to believe that the firearms were intended to be transported to Mexico. Davidson failed to offer any evidence to contradict the probation officer's assumption.

### III.

### Treatment of § 2255

After conviction and exhaustion of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. United States v. Frady, 456 U.S. 152, 164 (1982); United States v. Shaid, 937 F.2d 228, 231-32 (5th Cir. 1991) (en banc). A defendant can challenge his conviction or sentence after it is presumed final only on issues of constitutional or jurisdictional magnitude and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. Shaid, 937 F.2d at 232. Section 2255 does not offer recourse to all who suffer trial errors, but is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal but, if condoned, would result in a complete miscarriage of

justice. <u>United States v. Capua</u>, 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 21, 1981).

## IV.

### Merits of Movant's Claims

A. <u>Legal Standards Applicable to Claims of Ineffective Assistance of Counsel</u>

To prevail on an ineffective assistance of counsel claim, movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. <u>Strickland v. Washington</u>, 466 U.S. 668, 687 (1984); <u>See also</u> <u>Missouri v. Frye</u>, 566 U.S. ___, 132 S. Ct. 1399, 1409-11 (2012). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." <u>Strickland</u>, 466 U.S. at 697; <u>see also</u> <u>United States v. Stewart</u>, 207 F.3d 750, 751 (5th Cir. 2000). "The likelihood of a different result must be substantial, not just conceivable," <u>Harrington v. Richter</u>, 562 U.S. 86, 131 S. Ct. 770, 792 (2011), and a movant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having

5

produced a just result." Cullen v. Pinholster, 563 U.S. ___, 131 S. Ct. 1388, 1403 (2011) (quoting Strickland, 466 U.S. at 686). Judicial scrutiny of this type of claim must be highly deferential and the defendant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. Strickland, 466 U.S. at 689.

Here, movant is entitled to no relief based on the alleged ineffective assistance of counsel because he has failed to meet the standard set forth by Strickland.

B.  Neither of the Grounds Has Merit

Because the two grounds for relief are closely related, the court is combining its analysis and discussion of the grounds under this single heading.

Movant's attempt to blame Davidson for advising him not to answer questions during the presentence interview about his role in the offense or any relevant conduct is without merit. The record reflects that movant and his attorney met with the probation officer on September 18, 2012, so that the probation officer could interview movant for the purpose of preparing the presentence report. The probation officer reviewed the factual resume with movant, and he agreed that all the conduct described therein was correct.

6

In the presentence report the probation officer noted that

> [p]ursuant to USSG §3E1.1, comment (n.1(A)), at the advice of his attorney, he elected to not discuss any other conduct that was not related to the offense of conviction. Specifically, he elected not to discuss the destination of the firearms; the purpose for which they were being purchase; and if he had any past involvement in possessing, purchasing, or trafficking firearms.

Presentence Report at 7 ¶ 21. Although noting that movant had refused to answer questions about relevant conduct on Davidson's advice, the probation officer also recognized that the Sentencing Guidelines expressly allowed movant to do so. The probation officer still recommended that movant's offense level be decreased by three levels for demonstrating acceptance of responsibility, notwithstanding movant's refusal to answer questions about relevant conduct.

At sentencing, Davidson argued strongly in favor of awarding movant credit for acceptance of responsibility. However, the court rejected Davidson's argument on the basis of movant's objection to the four-level enhancement in the presentence report for firearms that were intended to be shipped to Mexico. The court found compelling the evidence that movant knew the intended destination of the firearms, and found that movant had frivolously contested that point. The denial of acceptance of

7

responsibility was based on the frivolous objection to movant's knowledge of the firearms' destination, not because movant refused to answer questions based on Davidson's advice.

Movant also has failed to show prejudice. On appeal, the Fifth Circuit noted that "[t]he denial of the adjustment for acceptance of responsibility was not without foundation." Delarosa, 539 F. App'x at 626. Although mentioning movant's refusal to answer questions about the intended destination of the firearms during the probation officer's interview, the court also noted that transcripts of the surveillance videos "indicated that Delarosa either knew or should have known that the firearms were destined for Mexico." Id. Thus, the denial of acceptance of responsibility was affirmed on a separate and independent ground from the refusal to answer questions in the presentence interview. Movant cannot show he was prejudiced by anything Davidson did or failed to do.

Movant also protests that the four-level enhancement for the firearms' destination was erroneous because the probation officer based the enhancement solely on the transcript of the June 5, 2012 negotiations between movant, his codefendants, and the agents. However, the court relied not only on the multiple statements made during the June 5 meeting concerning the intended

8

destination of the weapons, but recognized that "anyone that deals in the quantity of assault weapons that this defendant and his co-defendants were dealing with, they know exactly where those weapons are going." Sentencing Tr. at 11.

Movant attempts to identify certain "facts" that Davidson would have uncovered had he taken certain unspecified actions. For example, movant contends Davidson would have discovered that: Garcia had machine guns for sale, but he did not know Arriaga, while Arriaga knew people wanting to purchase machine guns but did not know Garcia, so movant introduced the two; movant did not know the source of the firearms or the ultimate buyers; and, although movant was present during the June 5, 2012 negotiations, he also went into a restaurant at one time. Movant does not explain how any of these purported facts would have changed the outcome of the proceedings. Conclusory allegations cannot sustain a claim of ineffective assistance of counsel. Ross v. Estelle, 694 F.2d 1008, 1012 (5th Cir. 1983). See also United States v. Green, 882 F.2d 999, 1003 (5th Cir. 1989) ("A defendant who alleges a failure to investigate on the part of his counsel must allege with specificity what the investigation would have revealed and how it would have altered the outcome of the trial.")

9

V.

<u>Order</u>

Therefore,

The court ORDERS that the motion of Noe Delarosa to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 be, and is hereby, denied.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, and 28 U.S.C. § 2253(c)(2), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied, as movant has not made a substantial showing of the denial of a constitutional right.

SIGNED March 10, 2015.

_____
JOHN McBRYDE
United States District Judge

10